**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 9, 2005[*]
Decided June 10, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3924

|  |  |
|---|---|
| CONZALOS GLASCO, <br>     *Petitioner-Appellant*, <br><br>     *v.* <br><br> CRAIG HANKS, Superintendent, <br>     *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:04-CV-1156-SEB-VSS <br><br> Sarah Evans Barker, <br> *Judge*. |

**ORDER**

Indiana inmate Conzalos Glasco petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 after a Conduct Adjustment Board (CAB) found him guilty of making a sexual gesture towards a prison official and sentenced him to three months in disciplinary segregation.  The district court denied his petition on the basis that he may not use § 2254 to challenge the CAB proceeding because he is not "in custody" pursuant to the CAB decision.  We agree with the district court.

---

[*]Appellee Craig Hanks notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2)).

Section 2254 allows prisoners to challenge decisions that place them "in custody." *See* 28 U.S.C. § 2254(a). Glasco is in custody pursuant to his original judgment of conviction, and the CAB proceeding did not impose additional custody on him. It resulted only in disciplinary segregation, and that punishment affects the severity not the duration of his prison term. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). A challenge to the disciplinary proceeding is thus not a challenge to a decision that placed him in custody, so Glasco may not challenge it under § 2254.

AFFIRMED.